BERZON, Circuit Judge,
concurring:
I concur in the result reached by the majority. I join in the memorandum disposition, except with regard to the ex post facto issue, as to which I reluctantly concur in the result, for the reasons that follow:
My reluctance stems, first, from my conviction that, in some respects, Johnson v. Gomez, 92 F.3d 964 (9th Cir.1996), is irreconcilably inconsistent with Garner v. Jones, 529 U.S. 244, 120 S.Ct. 1362, 146 L.Ed.2d 236 (2000) and so to that degree not binding upon us under Miller v. Gammie, 335 F.3d 889 (9th Cir.2003). Specifically, Johnson holds, at least alternatively, that a prisoner cannot succeed with regard to an ex post facto claim unless he can prove to a “mathematical certainty” and “with assurance” that he would have received parole under the former parole system. 92 F.3d at 968. Garner makes clear that where ex post facto considerations are implicated, the proper inquiry is whether the retroactive application “created a significant risk of increasing his own punishment.” 529 U.S. at 256, 120 S.Ct. 1362. In an appropriate case, we should expressly disavow this aspect of Johnson.[1]
*685 The California Supreme Court, however, in In re Rosenkrantz, 29 Cal.4th 616, 128 Cal.Rptr.2d 104, 59 P.3d 174 (2002), considered at length the question whether Gamer has application to a case such as this one and concluded that it does not. Although I do not agree with Rosen-Icrantz’s exceedingly narrow view of Garner (hence, my second level of reluctance), I cannot say that it unreasonably applied constitutional law clearly established by the Supreme Court, as is required to grant habeas relief under 28 U.S.C. § 2254(d). There is no Supreme Court case directly on point, and at least some Supreme Court law, namely, Mallett v. North Carolina, 181 U.S. 589, 21 S.Ct. 730, 45 L.Ed. 1015 (1901), that provides a modicum of support to the Rosenkrantz analysis.
In this case, the state Superior Court did not cite Rosenkrantz on the ex post facto issue, relying only on our Johnson decision. Still, Rosenkrantz is the definitive state decision on the impact of Gamer on this species of ex post facto cases, and it rests to some degree on the aspects of our Johnson case that do not directly conflict with Gamer. Under these circumstances, the appropriate inference is that, as the state courts as a whole are bound by Ro-senkrantz, the higher courts — which expressed no reasoning — denied the ex post facto claim on the reasoning of that case. As that analysis cannot give rise to habeas relief, Johnson cannot prevail.
I note that petitioner Johnson was released from prison on December 6, 2010. He was imprisoned for 33 years on his original seven-years-to-life first degree murder sentence. There is little doubt that at the time he pleaded guilty, his expectation, and that of the prosecution, was that if he was a prisoner who followed the rules and made efforts at rehabilitation, which he undoubtedly was and did, he would have been released long, long ago. Given the overcrowding in our prisons, see Brown v. Plata, — U.S. -, 131 S.Ct. 1910, 179 L.Ed.2d 969 (2011), it makes little sense to reincarcerate individuals who have been succeeding outside of prison and have served for long enough that retribution concerns have certainly been satisfied.
I do not, of course, know how Johnson has been doing since released. But assuming that there have been no problems, I very much hope that the state will consider, in lieu of immediately reincarcerat-ing him, holding a parole hearing — or, if it is possible under state law, a new gubernatorial review without a further parole hearing — that takes into account his behavior since release and determines whether to grant parole now.
I concur in the memorandum disposition to the degree indicated, and in the result.

. A few cases have applied the test from Garner without expressly addressing the continuing vitality of Johnson. See Gilman v. Schwarzenegger, 638 F.3d 1101, 1106 (9th Cir.2011) (applying Gamer’s "significant risk” test); Brown v. Palmateer, 379 F.3d 1089, 1095 (9th Cir.2004) (same).